IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-30040 |
| JOHNNY PRESLEY, ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Johnny Presley moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I. BACKGROUND

On August 28, 2019, Defendant Johnny Presley was sentenced to serve 120 months imprisonment for the offense of Possession with Intent to Distribute 50 grams or more of Methamphetamine (Actual) (Count One) and 60 months of imprisonment for the Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Two), to be served consecutively.  Presley, who is 30-years old, is serving his sentence at Forrest City Low FCI in Arkansas with a projected release date of March 6, 2031.

Presley is 6'1" and weighs 258 pounds, which results in a Body Mass Index of 34. Based on a BMI of 34, Presley is obese and is more likely to develop severe illness if he contracts COVID-19. www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 18, 2022). "The risk of severe COVID-19 increases sharply with elevated BMI." *Id*.

Presley has been diagnosed with major depressive disorder and anxiety. His mental health struggles were documented in the Presentence Investigation Report and appear to have gotten worse. Presley has no disciplinary infractions during his imprisonment term.

Currently, there are 6,043 Bureau of Prisons inmates and 939 BOP staff who are positive for COVID-19 nationwide. www.bop.gov/coronavirus (last visited January 18, 2022). There are 42,678 inmates and 9,027 staff who have recovered. *See id*. There have been 277 federal inmate deaths and 7 BOP staff member deaths due to COVID-19. *Id*.

At Forrest City Low FCI, there are 41 inmates and 6 staff who are currently positive for COVID-19. *Id*. No Forrest City Low FCI inmates or staff have died of COVID-19, while 580 inmates and 68 staff members have recovered. *Id*.

The BOP has received 310,532 COVID-19 vaccines and administered 284,099 doses of the COVID-19 vaccine. *Id*. At the Forrest City Federal Correctional Complex (which includes FCI Forrest City Low--housing 1,629

inmates including those at the Camp; and Forrest City Medium--housing 1,519 inmates), the BOP website reports 323 staff and 2,310 inmates have received both doses of the vaccine.

Presley alleges the Court should grant his motion for compassionate release based on what he claims are extraordinary and compelling circumstances. The Government asserts Presley has not exhausted his administrative requirements within the BOP. If the Court finds that Presley has properly sought release through BOP, the Government contends he has not established extraordinary and compelling reasons which warrant compassionate release.

## II. DISCUSSION

### (A)

Under the First Step Act, signed into law on December 21, 2018, defendants may file motions for compassionate release after first exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary and compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A). If properly invoked by the

Government, the exhaustion requirement must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The Parties dispute whether Presley has met the statutory exhaustion requirement of § 3582(c)(1)(A). Attached to the Defendant's *Pro Se* Motion for Compassionate Release is a July 2020 letter from Presley to the Warden at Forrest City asking BOP officials to file a motion for compassionate release based on Presley's medical conditions and family history.

Attached to the Government's Response is an October 29, 2020 email from the Senior Attorney Advisor at BOP, which states that FCC Forrest City has not received a reduction in sentence request from Presley.

It appears that Presley's July 10, 2020, letter seeking compassionate release may not have reached the Warden. However, the Court concludes that the letter suffices to meet the BOP procedural requirements for seeking compassionate release.

(B)

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Id*. Until U.S.S.G. § 1B1.13 is amended, there is not an "applicable" policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release. *See id*. at 1181. The Court also is not bound by BOP's Compassionate Release/Reduction in Sentence Procedures under Section 571.61(3), which limits BOP's reduction in sentence consideration to "inmates who have been diagnosed with a terminal, incurable disease whose life expectancy is eighteen (18) months or less, and/or has a disease or condition with an end-of-life trajectory under 18 U.S.C. § 3582(d)(1)."

As noted previously, the Defendant is classified as obese based on his BMI. Presley does not appear to have any other health issues which would increase his risk of developing severe illness from COVID-19.

Since Presley's motion was initially briefed, COVID-19 vaccines have become readily available in federal prisons. Over 70% of the inmates at the Forest City FCC have been vaccinated. Presley's vaccination status is unknown.

The widespread availability of vaccines for COVID-19 within the Bureau of Prisons likely "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release" for most prisoners. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *Id*. Moreover, "vaccines provide a much better defense against infection than any judicial order could do." *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

Presley has cited no medical condition other than obesity that would increase his risk of serious illness from contracting COVID-19. He appears to be an otherwise healthy 30-year old. While Presley does have certain mental health concerns, he is receiving adequate health care in the BOP. Given the existence of the vaccines, the Court concludes that Presley is unable to present extraordinary and compelling reasons for compassionate release.

Even if the Defendant could establish extraordinary and compelling reasons, the Court concludes compassionate release would not be warranted. Presley has approximately nine years remaining on his BOP sentence. Although he has never served a lengthy prison sentence, Presley does have a significant criminal history. Presley was convicted of a serious drug trafficking and firearm offense. Factors

under 18 U.S.C. § 3553 such as deterrence, providing just punishment and protection of the public weigh against granting compassionate release.

For all of these reasons, the Court concludes that compassionate release is not warranted.

Ergo, the Amended Motion for Compassionate Release of Defendant Johnny Presley [d/e 46] is DENIED.

The Clerk will terminate the Defendant's *Pro Se* Motion for Compassionate Release [d/e 44].

ENTER: January 20, 2022

    FOR THE COURT:

    /s/ *Richard Mills*
    Richard Mills
    United States District Judge